FILED
Aug 07, 2026
03:00 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE

| | |
|---|---|
| NENA BECKMAN,<br>    Employee,<br>v.<br>MANHEIM TENNESSEE, LLC,<br>    Employer,<br>and<br>AIU INS. CO.,<br>    Insurer. | Docket No. 2025-40-1275<br><br><br>State File No. 11613-2025<br><br><br>Judge Robert Durham |

## EXPEDITED HEARING ORDER GRANTING BENEFITS

Ms. Beckman asked that Manheim pay for the cervical spine surgery recommended by her treating physician. Because she is likely to prevail at trial in proving that surgery is medically necessary to treat her work-related injury, the Court grants her request.

### History of Claim

Ms. Beckman injured her neck on February 4, 2025, when a sign fell on her head at work. She received authorized treatment from spine surgeon Dr. Robert Lowe. A cervical MRI revealed herniations and moderate to severe stenosis with possible impingement from C4-5 through C6-7. Dr. Lowe believed that Ms. Beckman's C5-6 herniation caused her neck pain and left upper extremity radicular symptoms, and he recommended surgery. However, he received a letter denying surgery because "someone thinks it's not medically necessary."[1]

After the denial, Dr. Lowe reiterated his surgery recommendation when he saw Ms. Beckman again in March 2026. His record noted that Ms. Beckman suffered a work-related accident "resulting in significant cervical spine trauma." He observed that her MRI "demonstrated a large disc herniation at C5-6 causing

---

[1] While Manheim stated in its brief that the surgery was denied through utilization review, the denial was not made part of the record, and the Court does not know why surgery may have been deemed unnecessary.

significant stenosis. He further noted that "[t]here was initial uncertainty regarding the timing and causation of the injury, but it is now attributed to the work-related incident."

Ms. Beckman denied any pre-existing conditions that were "relevant to this injury." He concluded, "Ms. Beckman sustained a work-related injury to her neck caused by a sign falling on her head, resulting in a disc herniation at C5-6 with left sided neck pain and cervical radiculopathy. I have recommended a cervical disc arthroplasty[.]"

Dr. Lowe recommended the surgery again in his deposition and explained the causal relationship between the surgery and the work accident. He said Ms. Beckman suffered from disc herniations at C4-5, C5-6, and C6-7. She had moderate stenosis at C4-5 and C6-7 with moderate to severe stenosis at C5-6.

He explained stenosis means "narrowing of the space where the nerves are in the spinal canal," and while it could be degenerative, it could also be related to a disc herniation. He believed Ms. Beckman's stenosis was both degenerative and traumatic, but he elaborated that "the radicular pain and the stenosis in the left arm, primarily at C5-6 is related to the injury that she's reported to me."

He recommended the C5-6 arthroplasty because "the facet joints did not seem to be degenerative, and . . . the stenosis was from the front part of the spine where the disc is." Finally, when asked if he could tell from imaging whether Ms. Beckman's herniation was trauma-induced, Dr. Lowe conceded it was difficult to tell. But he said that in these cases, "history is what's important" and it was undisputed that she was hit on the head hard enough to cause a laceration requiring staples.

### Findings of Fact and Conclusions of Law

To obtain surgery, Ms. Beckman must show she is likely to prevail at a compensation hearing. Tenn. Code Ann. § 50-6-239(d)(1) (2025).

To prove causation, Ms. Beckman must establish that her current symptoms and need for treatment primarily arose out of her work injury. *Id.* § 50-6-102(12)(A). Further, she must prove causation to a "reasonable degree of medical certainty," which requires an expert medical opinion. *Id.* § 50-6-102(12)(C). As the authorized physician, Dr. Lowe's causation opinion is presumed correct under section 50-6-102(12)(E).

The Court finds that Dr. Lowe's opinions in his March 10 record and his

deposition testimony establish that the C5-6 herniation and accompanying stenosis was primarily caused by Ms. Beckman's February 4 work injury. The proof further established that the herniation and stenosis are the primary cause of her neck pain and left-sided radicular symptoms along the C5-6 nerve distribution. Manheim did not offer any evidence to rebut Dr. Lowe's causation opinion.

As for the need for surgery, Dr. Lowe clearly recommended it in both his records and his deposition. Under section 50-6-204(a)(3)(H), treatment recommended by a panel-selected physician is presumed medically necessary. Manheim offered no evidence to rebut this presumption.

Thus, the Court grants Ms. Beckham's request, and Manheim is ordered to pay for the surgery recommended by Dr. Lowe.

IT IS ORDERED:

1. Manheim shall pay for the surgery recommended by Dr. Lowe.

2. This case remains set for a status conference/scheduling hearing on **August 10, 2026**, at **10:30 a.m. Central Time**. The parties must call 615-253-0010 or 855-689-9049. Failure to call might result in a determination of the issues without the party's participation.

3. Unless appealed, compliance with this order must occur by seven business days of entry of this order under Tennessee Code Annotated section 50-6-239(d)(3).

ENTERED August 7, 2026.

_____
**JUDGE ROBERT DURHAM**
**Court of Workers' Compensation Claims**

**APPENDIX**

<u>Exhibits</u>:
1. Dr. Lowe's deposition with attached records
2. Ms. Beckman's Rule 72 statement

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent on August 7, 2026.

| Name | Via Email | Service sent to: |
|---|---|---|
| Chris Markel, Employee's attorney | X | cmarkel@markelfirm.com |
| Teri Bernal, Employer's attorney | X | tbernal@hennessyroach.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*